**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandi Leigh Mashburn,<br><br>Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>Defendant. | No. CV-09-00241-TUC-CRP<br><br>**ORDER** |

Sandi Mashburn suffers from various blood and breathing disorders. She has painful blood clots in her legs and lungs. She uses bottled oxygen to help her breathe.

Ms. Mashburn applied for disability insurance benefits and supplemental security income in December 2006, claiming to be disabled as of January 30, 2006. Doc. 14, Tr. 44, 97-102. The applications were denied initially and on reconsideration. Tr. 57-63, 66-72. A hearing before an administrative law judge ("ALJ") was held on March 13, 2008. Tr. 21-56. The ALJ issued a written decision on May 3, 2008, finding Ms. Mashburn not to be disabled within the meaning of the Social Security Act. Tr. 10-18. This decision became the Commissioner's final decision when the Appeals Council denied review. Tr. 1-3.

Ms. Mashburn then brought this action for judicial review pursuant to 42 U.S.C. § 405(g). Doc. 1. The issues are fully briefed. Docs. 17, 18, 21. Oral argument has not been requested. For reasons stated below, the Court will reverse Defendant's decision and remand for an award of benefits.

## I. Standard of Review.

The Court has the "power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The decision denying benefits "should be upheld unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). In determining whether the decision is supported by substantial evidence, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.* (citation omitted).

## II. Discussion.

Whether a claimant is disabled is determined using a five-step evaluation process. To establish disability, the claimant must show she has not worked since the alleged disability onset date, she has a severe impairment, and her impairment meets or equals a listed impairment or her residual functional capacity ("RFC") precludes her from performing past work. Where this showing is made, the Commissioner must prove that the claimant is able to perform other work. 20 C.F.R. § 404.1520.

Plaintiff has met her burden. She has not worked since January 30, 2006, the alleged onset date. Tr. 12, ¶ 2. She has several severe impairments: deep venous thrombosis, pulmonary emboli, Hughes syndrome, and chronic obstructive pulmonary disease. Tr. 12, ¶ 3. While those impairments do not meet or equal a listed impairment (Tr. 12, ¶ 4), they do preclude Plaintiff from performing her past jobs which ranged from light semi-skilled work to medium skilled work (Tr. 16, ¶ 6). Plaintiff is not disabled, the ALJ found at step five, because she has the RFC to perform sedentary work and certain light work that exists in significant numbers in the national economy. Tr. 13-17, ¶¶ 5, 10.

Plaintiff claims that the ALJ committed several errors. Specifically, Plaintiff argues that the ALJ erroneously adopted vocational expert testimony (Doc. 17 at 7-11), failed to properly evaluate and weigh medical source opinions (*id.* at 11-14), failed to properly evaluate the credibility of her symptom testimony (*id.* at 14-15), and erroneously

rejected the testimony of her husband (*id.* at 15). Defendant contends that the ALJ did not err and his decision is supported by substantial evidence. Doc. 18. The Court concludes that the ALJ committed reversible error with respect to the medical opinions and the testimony of Plaintiff and her husband.

**A.    Medical Opinions.**

Dr. Richard Rosenberg is a hematology and oncology physician with Arizona Oncology Associates. Tr. 303. Karen LaMaster is Dr. Rosenberg's medical assistant. Tr. 39, 303. Dr. Rosenberg and Ms. LaMaster have treated Plaintiff since at least February 2006. Tr. 302-34, 395-401. They have opined that Plaintiff's impairments and functional limitations render her disabled. Tr. 402-05.

Dr. Jeri Hassman, a state-agency physician, examined Plaintiff on March 13, 2007. Tr. 279-83. He diagnosed deep venous thrombosis times two (2001 and 2006) and noted a history of Hughes syndrome and persistent right calf pain that worsened with standing and walking. Tr. 282, 284. With respect to the ability to do work related activities, Dr. Hassman opined that Plaintiff has the RFC to perform sedentary work with restrictions. Tr. 284-88.

The ALJ gave no consideration to the opinion of Dr. Rosenberg, gave little weight to the opinion of Ms. LaMaster (Tr. 15), and gave controlling weight to that of Dr. Hassman (Tr. 14). Plaintiff argues that the ALJ erred in evaluating and weighing the medical opinions. Doc. 17 at 11-14. She is correct.

The sole reason the ALJ gave for adopting the opinion of Dr. Hassman is that "it is well-supported by objective findings and is not inconsistent with the other substantial evidence[.]" Tr. 14. The ALJ summarizes certain medical records (Tr. 15), but does not explain, and it otherwise is not clear to the Court, how those records support Dr. Hassman's opinion. The ALJ references progress notes from Arizona Oncology Associates showing treatment for right deep venous thrombosis (Tr. 302-34), emergency room records showing treatment for left calf pain (Tr. 347-49), treatment records for right knee effusion (Tr. 362-66, 369), and a venous Doppler ultrasound showing chronic deep

venous occlusive disease (Tr. 371). The ALJ does not discuss the specific work-related activities found by Dr. Hassman (Tr. 284-88) or explain how the cited medical records support those activities.

With respect to the assertion that Dr. Hassman's opinion "is not inconsistent with the other substantial evidence" (Tr. 14), Plaintiff notes, correctly, that the opinion clearly is inconsistent with those of her treating providers, Dr. Rosenberg and Ms. LaMaster. Doc. 17 at 11.

As Plaintiff's treating physician, Dr. Rosenberg is "employed to cure and has a greater opportunity to know and observe [Plaintiff] as an individual." *McCallister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). His opinion regarding the severity and limiting effects of Plaintiff's impairments is therefore entitled to "special weight," and if the ALJ chooses to disregard the opinion, he must "'set forth specific, legitimate reasons for doing so, and this decision itself must be supported by substantial evidence.'" *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988)) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (1986)).

Based on a diagnosis of deep venous thrombosis, pulmonary embolism, and hypoxia, Dr. Rosenberg opined that Plaintiff is totally and permanently disabled. Tr. 405. The ALJ completely ignored Dr. Rosenberg's opinion. This constitutes legal error. *See* 20 C.F.R. §§ 404.1527, 416.927; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1037 & n.10 (9th Cir. 2007) (the ALJ erred where he only briefly mentioned one treating physician's opinion and ignored another opinion that the claimant was disabled).

Asserting that there are no medical records showing an examination on the part of Dr. Rosenberg, Defendant contends that the ALJ did not err by ignoring the doctor's opinion. Doc. 18 at 16. This contention is without merit for multiple reasons. First, the ALJ did not reject Dr. Rosenberg's opinion for lack of examination records. This Court must review the adequacy of the reasons specified by the ALJ, not the *post hoc* contentions of Defendant. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

Second, the fact that Dr. Rosenberg treated Plaintiff only "occasionally" (Tr. 39)

does not preclude a finding that he is an acceptable treating source. *See* 20 C.F.R. §§ 404.1502, 416.902 (defining treating source); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (Section 404.1502's "language suggests that 'a few times' or contact as little as twice a year would suffice").

Finally, even if Dr. Rosenberg did not qualify as a treating source, the ALJ was still required to consider and evaluate his opinion. Opinions from any medical source, even on issues reserved to the Commissioner, "must never be ignored." SSR 96-5p, 1996 WL 374183, at *3 (July 2, 1996). Instead, the ALJ "is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability[.]" *Id.*; *see* 20 C.F.R. §§ 404.1527(d), 416.927(d). The opinion of Dr. Rosenberg (Tr. 405) clearly is material to the question whether Plaintiff is disabled. The ALJ erred in giving the opinion no consideration.

Ms. LaMaster opined in a medical work tolerance form that Plaintiff has a less than sedentary RFC due to bilateral leg pain, the need to elevate her legs, oxygen dependence, and chronic blood clotting. Tr. 402-03. The ALJ rejected this opinion on the ground that it "appears to rest at least in part" on an assessment of impairments outside Ms. LaMaster's area of expertise. Tr. 15. The ALJ asserted that it is "not clear" that Ms. LaMaster was familiar with the relevant definition of disability and it is "possible" that she was referring solely to an inability to perform past work. *Id.*

But the AJL provides no factual basis for those assumptions. He fails to consider Ms. LaMaster's credentials, her treating relationship with Plaintiff, and her association with Dr. Rosenberg. Nor does the ALJ provide a basis for rejecting the specific functional limitations found by Ms. LaMaster. Tr. 402-03.

Because Ms. LaMaster is a physician's assistant, Defendant asserts, she is not an "acceptable medical source." Doc. 18 at 16. Under the relevant regulations, physicians' assistants are listed among the examples of "medical sources." 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1). To the extent Ms. LaMaster "was working closely with, and under the supervision of, [Dr. Rosenberg], her opinion is to be considered that of an

'acceptable medical source.'" *Taylor v. Comm'r of Soc. Sec. Admin*, 659 F.3d 1228, 1234 (9th Cir. 2011).

There is no dispute that Ms. LaMaster is Dr. Rosenberg's medical assistant. Plaintiff has testified that Ms. LaMaster works along side Dr. Rosenberg and discusses Plaintiff's condition with him. Tr. 39. Contrary to Defendant's assertion (Doc. 18 at 16), Ms. LaMaster's opinion is to be considered that of an acceptable medical source. *See Taylor*, 659 F.3d at 1234.[1]

Dr. Rosenberg and Ms. LaMaster are Plaintiff's treating medical providers. To properly reject their opinions about Plaintiff's impairments and work-related abilities, the ALJ "must do more than offer his own conclusions. He must set forth his own interpretations and explain why they, rather than [the treating providers'], are correct." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). The ALJ has failed to provide the requisite "detailed, reasoned, and legitimate rationales for disregarding [Dr. Rosenberg and Ms. LaMaster's] findings." *Embrey*, 849 F.2d at 422. His rejection of their opinions was erroneous.

The ALJ gave weight to the RFC assessment of consulting physician John Spriggs (Tr. 290) based solely on his purported "expertise in the evaluation of medical issues in disability claims" (Tr. 16). This general finding does not suffice. The ALJ failed to provide the requisite "specific and legitimate reasons" for crediting Dr. Spriggs, a non-treating, non-examining doctor, over Plaintiff's treating providers. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

In summary, the ALJ committed legal error in weighing medical opinions, and his decision concerning those opinions is not supported by substantial evidence.

**B.    Plaintiff's Testimony.**

A claimant's subjective complaints, including pain, must be considered when

---

[1] It is worth noting that under Arizona law, physician supervision is required for all certified physicians' assistants. AAC § R4-17-305. Defendant does not dispute that Ms. LaMaster is a certified physician's assistant. *See* Doc. 17 at 11. Nor does Defendant assert that Ms. LaMaster is provided inadequate supervision by Dr. Rosenberg.

making a disability determination. 20 C.R.F. § 404.1529. "Pain of sufficient severity caused by a medically diagnosed 'anatomical, physiological, or psychological abnormality' may provide the basis for determining that a claimant is disabled." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (quoting 42 U.S.C. § 423(d)(5)(A)). "Once a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on lack of objective medical evidence to fully corroborate the alleged severity of pain." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004); *see Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996); 20 C.F.R. § 404.1529(c)(2); SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996).

Plaintiff testified that she has constant swelling and pain in her legs. While prescribed Percocet helps for an hour or two, she can take the medication only several times a day. Tr. 31. She can sit for thirty minutes and stand and walk for a couple minutes at a time, but walking makes the swelling and pain worse. Tr. 31-32. She began oxygen treatment in February 2006 for shortness of breath and needs oxygen while sleeping or doing "anything besides sitting down watching TV." Tr. 32-33, 41. She must elevate her right leg several times a day for at least an hour to prevent blood pooling and alleviate pain and numbness. Tr. 40. She spends her day watching television, doing crossword puzzles, reading, and sleeping. Tr. 36; *see* Tr. 164-71.

The ALJ evaluated Plaintiff's testimony using the two-step analysis established by the Ninth Circuit. *See Smolen*, 80 F.3d at 1281. Applying the test of *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986), he determined that Plaintiff's medically determinable impairments could reasonably produce her alleged symptoms. Tr. 14. Given this conclusion, and because he found no evidence of malingering, the ALJ was required to present "specific, clear and convincing reasons" for finding Plaintiff's testimony not credible. *Smolen*, 80 F.3d at 1281; *Taylor*, 659 F.3d at 1234. This standard is "the most demanding required in Social Security cases." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002).

Plaintiff argues that the reasons the ALJ provided for finding her not fully credible

are neither convincing nor supported by substantial evidence. Doc. 17 at 14-16. The Court agrees.

The ALJ discusses certain medical evidence (Tr. 14), most of which is consistent with the impairments found to be severe. The ALJ states that in terms of the "blood clots in the right leg which cause pain, the medical evidence shows that [Plaintiff] has a history of treatment for DVT of the right lower extremity" and was hospitalized for "acute pain in her right lower extremity of three days duration[.]" Tr. 14. The medical evidence further shows a "pulmonary embolism on CAT scan," a history of treatment for pulmonary emboli, and prescribed oxygen treatment and anticoagulants Coumadin and Lovenox. *Id.* The ALJ notes that certain studies revealed no deep venous thrombosis, no acute deep venous occlusive disease, and no sleep apnea syndrome (*id.*), but does not explain how those findings undermine Plaintiff's symptom testimony.

Once a claimant has presented medical evidence of an underlying impairment, as Plaintiff has done in this case, "the ALJ may not discredit the claimant's testimony regarding subjective pain and other symptoms merely because the symptoms, as opposed to the impairments, are unsupported by objective medical evidence." *Perez v. Astrue*, No. CV 09-4600-MLG, 2010 WL 1051128, at *4 (C.D. Cal. Mar. 18, 2010); *see Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006). The ALJ himself recognizes that the credibility determination was necessary *because* Plaintiff's "statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence[.]" Tr. 13; *see* SSR 96-7p, at *2. In short, the ALJ's discussion of medical evidence does not constitute a clear and convincing reason for discrediting Plaintiff's symptom testimony.[2]

The ALJ found Plaintiff not credible on the ground that she has "described daily activities which are not limited to the extent one would expect, given the complaints of

---

[2] For reasons stated above, the ALJ erred to the extent he discredited Plaintiff's testimony based on the opinion of Dr. Hassman. *See* Tr. 14, 279-83.

disabling symptoms and limitations." Tr. 15. The ALJ states that Plaintiff is able to drive, shop, prepare meals, do household chores, care for her personal needs, care for her dogs, and handle the finances. Tr. 14-16. But the ALJ ignores the limited nature of those activities.

Plaintiff can drive vehicles with automatic transmissions, but not those with a manual stick-shift. Tr. 167. It takes Plaintiff a long time to shop and she uses an electric cart when she is able to go shopping. Because it hurts her leg too much to stand at the stove and make a "real meal," Plaintiff makes only "quick, easy meals," such as toast, cereal, sandwiches, and microwave dishes. Tr. 34, 165-66. Her friends come over once or twice a week to help with the housecleaning. Tr. 34. Plaintiff does some "light cleaning" and a couple loads of laundry each week, but it takes her all day to complete those chores. Tr. 166. She does not make her bed, vacuum, or do yard work or other chores that require standing or walking for more than five minutes. Tr. 34, 166, 171. She is able to dress and do her hair, but she must take baths instead of showers. Tr. 165. She is no longer able to walk her dogs. *Id.* With respect to the finances, Plaintiff made clear that due to her alleged disability she has no money to handle. Tr. 168.

"Several courts, including [this Circuit], have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citations omitted). Stated differently, the mere fact that a claimant engages in normal daily activities "does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair*, 885 F.2d at 603). An ALJ may consider a claimant's activities in assessing credibility, but "[t]his line of reasoning clearly has its limits[.]" *Fair*, 885 F.2d at 603. Because "many home activities are not easily transferrable to what might be the more grueling environment of the workplace," an ALJ may reject symptom testimony based on activities only where the ALJ makes a "specific finding" that they

- 9 -

"*are* transferrable to the work setting" and form a "substantial part" of the claimant's day. *Id.* (emphasis in original).

The ALJ has not met his burden. He fails to account for the limited nature of Plaintiff's daily activities. He notes (Tr. 15) that Plaintiff visits with others, plays bingo watches television, does crossword puzzles, and reads (Tr. 35-36, 168), but fails to explain how those activities translate into an ability to perform regularly in the workplace. *See* 20 C.F.R. § 404.1572(c) (hobbies generally are not to be considered substantial gainful activity).

Nor does the ALJ properly evaluate Plaintiff's statements concerning her ability to lift, squat, kneel, and climb. Tr. 16. Plaintiff qualified those abilities by making clear that she can lift things under 20 pounds but not carry them, can squat and kneel for only a few seconds, and can climb a few stairs. Tr. 169.

The ALJ failed to provide a convincing reason for concluding that Plaintiff's activities render her symptom testimony not credible. *See Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001) (the claimant's limited activities did not constitute convincing evidence that he could function regularly in a work setting); *Benecke v Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (rejecting the ALJ's credibility finding where it was based in large part on the claimant's ability to carry out certain routine tasks); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (the ALJ erred where the claimant's activities did not contradict his symptom testimony and failed to meet the threshold for transferable work skills).

The Court recognizes that questions of credibility are the province of the Commissioner. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009). Absent evidence of malingering, however, "'the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing.'" *Id.* (citation omitted). Considering the entire record as a whole and in the proper context, *see Ryan*, 528 F.3d at 1198, the Court concludes that the reasons the ALJ provided for finding Plaintiff not

credible are neither convincing nor supported by substantial evidence.

Defendant asserts that Plaintiff is able to perform "significant" activities. Doc. 18 at 18. This assertion is belied not only by the record as a whole, but also by Defendant's own brief. Defendant recognizes that Plaintiff prepares "simple" meals and does "limited" housecleaning and shopping. *Id.* at 18-19. Watching television, doing crossword puzzles, playing bingo, and reading are not reasonably construed as "significant" activities that are transferrable to the workplace.

Plaintiff stated that she still travels and camps for "short times only" (Tr. 168), but the ALJ did not cite those activities as a reason for rejecting Plaintiff's testimony. The Court "cannot affirm the decision of an agency on a ground the agency did not invoke in making its decision." *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). The ALJ, not this Court, "is required to provide reasons for rejecting [symptom] testimony." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

Defendant notes that Plaintiff has lived alone since her husband passed away on May 6, 2007. Doc. 18 at 19. Defendant, however, presents no argument or legal authority showing that living alone renders a claimant not credible or not disabled.

Finally, Defendant claims that Plaintiff was noncompliant with treatment. *Id.* The ALJ, however, did not assert this as reason for finding Plaintiff incredible. Nor did the ALJ specifically discredit Plaintiff's symptom testimony on the ground that she smoked cigarettes and occasionally drinks alcohol. Tr. 13.

In summary, the ALJ committed legal error in finding Plaintiff's symptom testimony is not credible.

**C.  Lay Witness Testimony.**

Bryan Mashburn, now deceased, completed a functional capacity report in January 2007. Tr. 175-82. At the time, he had known Plaintiff for four years. Tr. 175. Consistent with his wife's testimony, Mr. Mashburn stated, among other things, that Plaintiff prepares only sandwiches and other quick meals, no longer can take showers,

does laundry twice a week while mostly sitting down, and shops for small items while using an electric cart. Tr. 176-78. Mr. Mashburn further stated that Plaintiff experiences pain and is limited in her ability to stand, squat, climb, walk, and lift. Tr. 180-82.

The ALJ commented on Mr. Mashburn's testimony only by noting that "he works and is not with the claimant 'all the time.'" Tr. 14. Mr. Mashburn actually stated that he was with Plaintiff "all the time except when at work." Tr. 175. Before his passing, Mr. Mashburn lived with Plaintiff and saw her every day. Tr. 164, 175.

This Circuit has made clear that "testimony from lay witnesses who see the claimant every day is of particular value." *Smolen*, 80 F.3d at 972. Indeed, because testimony from spouses and other family members may provide insight into the severity of the impairments and how they affect the claimant's ability to function, *see* SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006), such testimony constitutes "'competent evidence'" and therefore cannot be disregarded without comment. *Stout*, 454 F.3d at 1053 (citation omitted); *see* 20 C.F.R. §§ 404.1513(d)(4), 404.1545(a)(3). If the ALJ wishes to discount the testimony of lay witnesses, he must give legitimate reasons that are germane to each witness. *See id.*; *Taylor*, 659 F.3d at 1234.

The fact that Mr. Mashburn worked outside the home is not a legitimate reason for discounting his testimony concerning Plaintiff's symptoms and functional limitations. Plaintiff's husband, "though not a vocational or medical expert, was not disqualified from rendering an opinion as to how [his wife's] condition affects [her] ability to perform basic work activities." *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009). The Court concludes that the ALJ erred in rejecting the testimony of Mr. Mashburn. *See Smolen*, 80 F.3d at 972.

**III. Remedy.**

The decision to remand for further development of the record or for an award benefits is within the discretion of the Court. 42 U.S.C. § 405(g); *see Harman v. Apfel*, 211 F.3d 1172, 1173-74 (9th Cir. 2000). This Circuit has held that evidence is to be credited as true, and the action remanded for an award of benefits, where the ALJ has

failed to provide legally sufficient reasons for rejecting evidence, no outstanding issue remains that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true. *See, e.g.*, *Varney v. Sec'y of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988).

After applying the credit-as-true rule to the improperly rejected evidence, it is clear that Plaintiff is disabled. The impartial vocational expert testified that the functional limitations found by Ms. LaMaster, if accepted, would preclude Plaintiff from performing all work. Tr. 51-52. Defendant does not disagree with this conclusion. Ms. LaMaster's opinion is consistent with that of Dr. Rosenberg, the testimony of Plaintiff and Mr. Mashburn, and the record as a whole. Because it is clear that the ALJ would be required to find Plaintiff disabled as of the alleged onset date (*see* Tr. 403, 405), the Court will exercise its discretion and remand the case for an award of benefits. *See Orn*, 495 F.3d at 640 (remanding for an award of benefits where it was "'clear from the record that the ALJ would be required to determine the claimant disabled'") (citation omitted). Given this ruling, the Court need not address Plaintiff's arguments concerning the ALJ's adoption of vocational expert testimony.

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (Doc. 17) is granted.
2. Defendant's decision denying benefits is reversed.
3. The case is remanded for an award of benefits.
4. The Clerk is directed enter judgment accordingly.

Dated this 2nd day of February, 2012.

*signature*

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE